IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| FEDERAL NATIONAL MORTGAGE ASSOCIATION | * |
|---|---|
| Plaintiff, | * |
| v. | * Case No. 17-cv-1579-TDC |
| JANA C. SMALL HOLMES, ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Default Judgment filed by Plaintiff, Federal National Mortgage Association ("Fannie Mae"), against Defendants Jana C. Small Holmes, Kristine Small, Rikki Drykerman, and the Unknown Heirs at Law of Etherine Small. (ECF No. 22) Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On September 5, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Chuang referred this case to me for a report and recommendation on Plaintiff's Motion. I find a hearing unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6 (D. Md. 2014). I respectfully recommend that the Court GRANT the Plaintiff's Motion for Default Judgment.

**I.  FACTUAL AND PROCEDURAL HISTORY**

In 1999, Dennis Small and Etherine Small purchased 1906 Linden Avenue, Baltimore, Maryland 21217 (the "property") as joint tenants. (ECF No. 1). Less than two years later, Dennis Small filed for Chapter 7 bankruptcy. Unbeknownst to Dennis and Etherine Small, this

bankruptcy severed the joint tenancy, leaving the two holding the property as tenants in common.[1]

On September 25, 2003, Dennis and Etherine Small, as tenants in common, granted a deed of trust on the property to secure a loan of $124,800 (the "First Deed of Trust"). On August 23, 2006, Etherine Small died, causing her interest in the property to pass to her heirs. Erroneously believing that he acquired her interest through rights of survivorship and therefore had full rights to the property, Dennis Small, on November 16, 2006, granted a deed of trust to secure a $195,000 refinance loan from BNC Mortgage, Inc. (the "Second Deed of Trust"). BNC Mortgage paid off the holder of the First Deed of Trust to obtain first lien priority. The parties to the Second Deed of Trust never discovered Dennis Small's bankruptcy and, as a result, did not realize that he was unable to grant full interest in the property as contemplated by the Second Deed of Trust.

On January 8, 2008, Dennis Small granted yet another deed of trust on the property to secure a $224,600 refinance loan from Countrywide Bank (the "Third Deed of Trust") that was used to pay off the Second Deed of Trust and ensure first lien priority was maintained. As with the Second Deed of Trust however, Dennis Small was the sole grantor such that the Third Deed of Trust is also infirm. In the interim, Countrywide Bank's interest in the Third Deed of Trust is now with Plaintiff, and Dennis Small has died, with his interest in the property in the hands of his estate's personal representative, Defendant Rikki Drykerman. Etherine Small's interest is held by the remaining Defendants.

---

[1] *See In re Panholzer*, 36 B.R. 647, 651 (Bankr. D. Md. 1984) (holding that the filing of a voluntary Chapter 7 bankruptcy petition operates as a conveyance to the bankruptcy estate and therefore will sever a joint tenancy).

On June 9, 2017, Fannie Mae filed suit to clarify its rights under the Third Deed of Trust. (ECF No. 1). Defendant Drykerman, on behalf of Mr. Small's estate, was served on July 20, 2017. (ECF Nos. 1, 12). The Court permitted alternative methods of service on the Defendant Unknown Heirs of Etherine Small. (ECF No. 3). Service by posting on the property, mailing process to the property, and by publication was completed by May, 2, 2018. (ECF No. 13). In its endeavor to identify and locate the heirs of Etherine Small, Plaintiff identified two grandchildren: Kristine Small and Jana C. Small Holmes. (ECF No. 3). The Court permitted alternative service by first-class mail on Kristine Small and Jana C. Small which was on completed on April 12, 2018. (ECF Nos. 10, 11).

No answer or responsive pleadings were filed within the requisite time period. Upon the Plaintiff's Motion, the Clerk entered an order of default against the Defendants on May 24, 2018. (ECF Nos. 14-17). On June 11, 2018, Plaintiff filed the pending Motion for Default Judgment. (ECF No. 22). Plaintiff seeks an order declaring that the Third Deed of Trust is equitably subrogated to the rights of the First Deed of Trust to the extent it was satisfied — $120,583.97. (ECF No. 22).

## II. LEGAL ANALYSIS

### A. Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the Complaint as to liability. *Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law. *United States v. Redden*, No. 09-cv-2688-WDQ, 2010 WL

2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages or other relief. *CGI Fin., Inc., v. Johnson*, No. 12-cv-1985-ELH, 2013 WL 1192353, at *1 (D. Md. Mar. 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593.

Federal Rule of Civil Procedure 55 establishes the Court's legal framework for resolving this matter. "If, after entry of default, the plaintiff's complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593. A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *Redden*, 2010 WL 2651607, at *2. Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages; it may rely on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

    **B.**    **Liability**

The doctrine of equitable subrogation provides "that one who pays the mortgage of another and takes a new mortgage as security will be subrogated to the rights of the first mortgagee as against any intervening lienholder." *G.E. Capital Mortg. Services, Inc. v. Levenson*, 338 Md. 227, 237–38 (1995). Volunteers or intermeddlers are not entitled to equitable subrogation, but if one "pays the debtor's claim due to mistake or fraud, subrogation is available." *Fishman v. Murphy ex rel. Estate of Urban*, 433 Md. 534, 552 (2013), *citing Hill v. Cross Country Settlements, LLC,* 402 Md. 281, 313 (2007). Equitable subrogation "may apply even in the absence of an express or implied agreement." *Id* at 553. Importantly, this Court (in accordance with other jurisdictions) has recently recognized that the doctrine may be applied to a series of refinancing loans. *See Wells Fargo Bank, N.A. for Soundview Home Loan Tr. 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 v. First Am. Title Ins. Co.*, CV WMN-15-2882, 2017 WL 3868693, at *6 (D. Md. Sept. 5, 2017) (citing *Ditech Fin. LLC v. Mikkelsen*, No. 3:15-CV-01214-HZ, 2016 WL 5329598, at *6 (D. Or. Sept. 20, 2016) (and cases cited therein) and recognizing that a third deed of trust could equitably subrogate to the rights of the first deed of trust granted on the property).

Overall, subrogation is highly favored and expansively applied. *Rinn v. First Union Nat. Bank of Maryland*, 176 B.R. 401, 408 (D. Md. 1995). As stated by the Maryland Court of Appeals, "the object of subrogation is the prevention of injustice. It is designed to promote and to accomplish justice and is the mode which equity adopts to compel the ultimate payment of a debt by one, who, in justice, equity, and good conscience should pay it." *Hill*, 402 Md. at 312.

The complaint alleges that the First Deed of Trust on the property was granted by both Etherine Small and Dennis Small and secured a loan in the amount of $124,800. (ECF No. 1). It continues to detail how Dennis Small (thinking he had full rights to the property by virtue of

5

Etherine Small's death) granted the Second Deed of Trust to secure a refinance loan in the amount of $195,000. *Id.* This Second Deed of Trust was recorded and $120,583.97 of the refinance loan was paid to satisfy the balance of the First Deed of Trust and secure first lien priority. *Id.* The complaint then alleges that Dennis Small granted the Third Deed of Trust to Countrywide to secure another refinance loan of $224,600. *Id.* To ensure first lien priority, Countrywide satisfied the Second Deed of Trust with the proceeds secured by the Third. *Id.* Countrywide's interest in the Third Deed of Trust was subsequently acquired by Plaintiff.

Accepting these factual allegations as true, Plaintiff has demonstrated entitlement to be equitably subrogated to the rights and lien priority of the Second Deed of Trust and, therefore, is also equitably subrogated to the rights and lien priority of the First Deed of Trust as recognized in *Soundview Home Loan*, *supra*. Consequently, I recommend that the Court enter a Default Judgment in favor of the Plaintiff and against the Defendants.

### C. Relief

Having determined that Plaintiffs established liability, it is now appropriate to determine the relief to which the Plaintiff is entitled. Subrogation is the substitution of one person for another; therefore, substitutes are subject to the same limitations and conditions as their predecessors. *Hill*, 402 Md. at 312-13.

Here, Plaintiff requests subrogation to the extent of $120,583.97. (ECF No. 22). Plaintiff submitted the Affidavit of Terri Mutzel, Attorney-in-Fact for Plaintiff, in support of the requested relief. Ms. Mutzel stated that in 2003 Etherine Small and Dennis Small granted the First Deed of Trust on the property to secure a $124,800 loan. (Mutzel Aff. ¶ 6, ECF No. 22-1). She further states that in 2006 Dennis Small granted the Second Deed of Trust to secure a $195,000 refinance loan. (*Id.* at ¶ 13). The parties to the Second Deed of Trust complete the

6

transaction without discovering the prior bankruptcy and the property's co-ownership. (*Id.* at ¶¶ 17-19). Additionally, the holder of the Second Deed of Trust paid off the First Deed of Trust (at that point, $120,583.97) to obtain first lien priority. (*Id.* at ¶¶ 14-16).

Ms. Mutzel's Affidavit also states that Dennis Small granted a Third Deed of Trust in 2008 to secure a second refinance loan of $224,600 from Countrywide. (*Id.* at ¶ 20). Countrywide paid of the Second Deed of Trust to gain first lien priority on the property. (*Id.* at ¶¶ 21-22). Plaintiff now holds the Third Deed of Trust and the underlying note. (ECF No. 1-8).

Because Plaintiff presented sufficient evidence to support its right to be equitably subrogated to the extent of the First Deed of Trust's value of $120,583.97, I recommend that the Court declare the Third Deed of Trust, executed by Dennis Small and dated January 8, 2008, be equitably subrogated, to the extent of $120,583.97, to the rights and lien priority of the First Deed of Trust, executed by Etherine Small and Dennis Small and dated September 25, 2003.

### III. CONCLUSION

In sum, I recommend that:

1. The Court GRANT the Plaintiff's Motion for Default Judgment (ECF No. 22) against Rikki Drykerman, Jana C. Small Holmes, Kristine Small, and the Unknown Heirs of Etherine Small;

2. The Court DECLARE that the deed of trust dated January 8, 2008 by Dennis Small to Countrywide Bank, FSB, to Recon Trust Company, N.A., as trustee, in the principal amount of $224,600, recorded on January 28, 2008 in the Land Records of Baltimore City, Maryland at Book 10377, Page 197 is equitably subrogated, to the extent of $120,583.97, to the rights and lien priority position of the deed of trust dated September 25, 2003 by Dennis and Etherine Small to Mortgage Amenities Corp., to

7

Vernon Alt, as trustee, in the principal amount of $124,800, recorded on November 7, 2003, at Book 4579, Page 232.

2. The Court retain jurisdiction over this action for the purpose of enforcing compliance with the terms of the Default Judgment; and

3. The Court directs the Clerk to close this case.

## IV. NOTICE

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b.

Dated: September 19, 2018                  _____/s/_____
                                           J. Mark Coulson
                                           United States Magistrate Judge